Reginald BELL, Sr., Petitioner–Appellant,

v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES; Teresa Farrow; Duane Minnis; Swedish Medical Center; Julie Walters, Respondents–Appellees.

No. 07–35658.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2010.*

Filed June 10, 2010.

Reginald Bell, Sr., Seattle, WA, pro se.

Catherine Cruikshank, Esquire, Trisha L. McArdle, Esquire, Office of the Washington Attorney General, Seattle, WA, for Respondents–Appellees.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

## MEMORANDUM **

Reginald Bell, Sr. appeals the district court's dismissal of his action under 28 U.S.C. § 2241, challenging the constitutionality of the state's termination of his parental rights and the placement of his children in foster facilities. We affirm.

The district court correctly ruled it lacked jurisdiction to adjudicate Bell's claims. There is no federal habeas jurisdiction "to challenge the constitutionality of a state statute under which a State has obtained custody of children and terminated involuntarily the parental rights of their natural parent." *See Lehman v. Lycoming County Children's Servs.*, 458 U.S. 502, 507, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982).

Moreover, we agree with the district court that even if there is jurisdiction, abstention would be appropriate. The court properly rejected Bell's argument that state officials acted in bad faith and therefore the "extraordinary circumstances" exception of *Younger v. Harris,* 401 U.S. 37, 45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), should apply. Bell's vague allegations that his children were placed in foster care "as retribution for his past criminal acts" are not sufficient to make a credible showing of bad faith.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.